**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Matiya J. Fontaine

    Plaintiff,

v.

La Cabana Apartment LLC, Empire State Management Co. LLC, Ephraim Fruchthandler, Matis Tyberg

(INDIVIDUALLY, JOINTLY AND SEVERALLY)

    Defendants,

21-CV-2375

DEARCY HALL, J.
BLOOM, M.J.

__ cv ____ (__) (__)
Jury Demand



RECEIVED APR 29 2021 PRO SE OFFICE

**PROPOSED AMENDED COMPLAINT**

Pro se plaintiff Matiya J Fontaine hereby submits the following allegations under penalty of perjury.

1. This is a case of housing discrimination under the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.* (the "FHA"); 42 U.S.C. § 1981; 42 U.S.C. § 2000a; Title VI of the Civil Rights Act of 1964, and 42 U.S.C. § 2000d.

2. This court has original jurisdiction pursuant to __ U.S.C. § 1331 and supplemental jurisdiction over pendant state law claims pursuant to __ U.S.C. § 1367.

3. Venue is appropriate in this district because the acts underlying this Complaint occurred in Brooklyn, NY.

4. Plaintiff Matiya J. Fontaine resides at 417 Lorimer Street, Apt., #3A, Brooklyn, NY 11206

5. Plaintiff is a member of a protected class under the relevant statutes because she is Single, Disabled, Black American, Senior Citizen, female who use funds from Social Security Disability (SSD).

6. Defendants

    a. <u>La Cabana Apartments LLC.</u>, has its principal place of business at 1 State Street, 32nd Floor, New York, NY 10004.

    b. <u>Empire State Management Co. LLC.,</u> has its principal place of business at 1 State Street, 32nd Floor, New York, NY 10004.

    c. Ephraim Fruchthandler, has his principal place of business at 1 State Street, Suite 2102, New York, NY 10004.

    d. Matis Tyberg, has his principal place of business at 1 State Street, 32nd Floor, New York, NY 10004.

7. Although occupants of 4A occupy more than one (1) unit (14C, 417 . . . 391) under different names, on or about June 2020, Plaintiff attempted to engage in a covered real estate-related transaction under the Fair Housing Act, 42 U.S.C. § 3605(a), with Defendant who, because they work, falsely deny that housing (4A) was available. Instead, coerce, intimidate, threaten . . . steer her (during a global pandemic) to different and inadequate housing choices . . . availability.

8. At the time that Plaintiff attempted to engage in this real estate-related transaction

with Defendant, Plaintiff met all of the relevant qualifications for doing so. Specifically, Plaintiff was qualified because she (NOT occupants) is physically disabled, eligible, qualify . . . made many ADA requests over the past three plus (3+) years

9. Defendant refused to transact business with Plaintiff, despite her qualifications; for (either) 2A (until recently, was occupied by Donald Hemingway; tenant/worker who is son-in-law of tenant of record and whose children and their Mother occupy still a different unit) or 4A.

10. Since at least 2017 – current, defendant engage in the same covered real-estate transactions with other applicants who possessed similar qualifications to Plaintiff, some who were NOT on waitlist and NOT already residents. After being on waitlist for SEVERAL years, Plaintiff was, however, told to accept offer or go back on waitlist not knowing whom else would be put ahead of her on waitlist and how much longer she would still have to wait

11. Plaintiff's status as a member of a protected class based on her gender, disability/race/color/national origin substantially motivated Defendant's refusal to transact business with her; she is non-Spanish speaking, she is disabled, there is no male presence, she advocates for herself, she does not work (occupant of 4A does work), she files complaints with HUD, HPD . . . police

12. Defendant's discrimination against Plaintiff was and is willful.

13. Defendant is covered by Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, because it receives(d) federal funding.

14. Defendant engaged in deceptive business practices under New York General Business Law, § 349(a). Defendant's activity of not honoring ADA request in

timely manner, mismanagement of housing waitlist, falsifying documents, coercion and harassment is consumer-oriented because otherwise eligible and qualified persons are wrongfully and illegally denied housing to give to others because they are employed and the acts have a broader impact on consumers beyond Plaintiff, as shown by their mismanagement of waitlist for subsidized housing and wrongful use of taxpayer monies for subsidized housing.

15. Defendant's practice of discrimination . . . falsifying documents/records is materially misleading to consumers because it is inhumane, wrong, illegal and violates their rights.

16. Plaintiff suffered as a result of Defendant's bad and deceptive business practices for several years she has lived in substandard conditions, lack of basic services (water, adequate refrigeration, heat . . . electricity) denied and NOT included in ANY upgrades, repairs, modernizations . . . renovations, Super illegally take pictures of apartment, mail intercepted and $10K of medication stolen, tenant/workers intercept and steal packages, interruptions on-going construction and removal of asbestos, created hostile and violent living environment with threats on my life by tenant/workers, management physical attacks

Wherefore, Plaintiff respectfully requests that this Court grant the following forms of relief:

- STOP coercion, harassment, falsifying business documents, bribery, retaliation . . . threats
- EMERGENCY repairs
- honor (previously submitted) declaration of hardship during COVID pandemic

- honor (previously submitted) hardship request until I can get COVID vaccinated, am immune and have semiannual medication

- honor ADA request and move to 417 Lorimer Street, Apt., 4A, Brooklyn, NY 11206 **OR** relocate to a different HUD property within the same voting district (per previous provided preferred housing list)

- Pay ALL legal fees and expenses

- Pay ALL moving . . . storage fees and expenses

- Return ALL monies to NYS/taxpayers for medical bills for Intensive Care Unit (ICU), hospitalization . . . Nursing Home

- Return ALL rent subsidies to taxpayers, for at least the past (10) ten years (supported by historical data, reports . . . HPD records

- Return ALL rent, for at least the past (10) ten years (supported by historical data, reports . . . HPD records

- Have waitlist managed by outside interest; NOT management

- Judgement for discrimination, violation of housing rights, breach of contract, and violation of civil rights

- Punitive damages for years of harassment, violence, for depraved indifference to life, gross negligence, pain and suffering against defendants (INDIVIDUALLY, JOINTLY AND SEVERALLY) in the amount of $90,000,000

- And other such relief as this Court deems just and proper.

Respectfully submitted,


Matiya J. Fontaine
Plaintiff, pro se

Matiya J. Fontaine
Plaintiff, Pro se

# THIS PAGE

# INTENTIONALLY

# LEFT BLANK

## AFFIRMATION OF SERVICE

I, Matiya J. Fontaine, declare under penalty of perjury that I have served a copy of the foregoing Plaintiff's Objections to the Report and Recommendation upon:

<u>La Cabana Apartments LLC,</u> whose address is

1 State Street, 32nd Floor, New York, NY 10004

<u>Empire State Management Co. LLC,</u> whose address is

1 State Street, 32nd Floor, New York, NY 10004

Ephraim Fruchthandler whose address is

1 State Street, Suite 2102, New York, NY 10004

Matis Tyberg whose address is

1 State Street, 32ndFloor, New York, NY 10004

, by the following method:

*Check one*

_X_ US Mail.

____ Hand delivery.

____ Fed Ex, UPS, or other private carrier.

Dated: <u>April 06, 2021</u>

Brooklyn, NY

_____
Signature

417 Lorimer Street, Apt., #3A

Brooklyn, NY 11206